UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLOWS POLICE DEPARTMENT,<br>et al.,<br><br>Defendants. | No. 2:17-cv-0352 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 13.

Plaintiff has demonstrated entitlement to proceed in forma pauperis status under 28 U.S.C. § 1915(a). See ECF Nos. 6, 12. However, because this action will be dismissed, no fee will be imposed.

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek

1

monetary relief from an immune defendant. See 28 U.S.C. § 1915A(b)(1), (2). A pro se litigant is entitled to notice of the deficiencies in his complaint and an opportunity to amend, if it appears that the deficiencies can be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Review of the instant complaint demonstrates that it fails to state a claim upon which relief may be granted, and that the deficiencies of the complaint cannot be cured by amendment.

Plaintiff's six-page complaint is set forth on a form used by the United States District Court for the Northern District of California. The complaint was originally filed in that district on November 20, 2016, and transferred to this court on February 15, 2017. Plaintiff was then incarcerated at California State Prison Solano (CSP-SOL), where he remains.

The complaint names four defendants: (1) Willows Police Officer Michael Stover, (2) plaintiff's trial counsel, Colusa attorney Albert Smith, (3) Glenn County Superior Court Judge Donald Cole Byrd, and (4) Glenn County Assistant District Attorney Ruby Neumann. Plaintiff alleges that Officer Stover "falsified statements & tampered with evidence" relative to his "illegal search & seizure" in violation of plaintiff's Fourth Amendment rights; that both attorneys and the judge "took part in this malicious prosecution" against plaintiff; that defense counsel Smith polled only 49 potential jurors, allowed protected statements to be admitted at trial in violation of plaintiff's rights under Miranda v Arizona, 384 U.S. 436 (1966), and failed to introduce exculpatory evidence, thus providing ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984); and that Judge Byrd "allowed tampered evidence in the courtroom," and improperly denied plaintiff's good cause hearing. The relief sought by the complaint is "Vacate sentence. Award 1,000,000 dollars in damages." ECF No. 1 at 3. Plaintiff avers that he did not administratively exhaust his claims because this cases "deal[s] with my conviction." ECF No. 1 at 2.

Plaintiff is informed that federal courts offer two main avenues for challenging one's state imprisonment – a civil rights complaint pursuant to 42 U.S.C. § 1983, and a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Challenges to the conditions of one's confinement are brought in a civil rights action, while challenges to the validity or duration of one's confinement

(conviction and/or sentence) are brought in a habeas action.  There are important conditions precedent to both types of actions – a civil rights action may be brought only after plaintiff has exhausted his prison administrative remedies, while a habeas action may be brought only after petitioner has exhausted his claims in the state courts.  Although money damages may be obtained pursuant to a successful civil rights action, they may not be obtained in a habeas action.

Plaintiff does not challenge the conditions of his confinement, and concedes that he has not exhausted any administrative remedies.  Therefore, this action cannot proceed under 42 U.S.C. § 1983.  Moreover, two of the named defendants are immune from suit.[1]

Nor can plaintiff obtain the relief he seeks under 28 U.S.C. § 2254.  Review of California appellate court dockets[2] indicates that plaintiff filed a notice of appeal from his conviction on November 10, 2015.  However, the appeal has not yet been decided and was not fully briefed until March 29, 2017.  See California Court of Appeal, Third District, Case No. C080705 (People v. Roberson).  There is no indication that plaintiff has sought review or habeas corpus from the California Supreme Court.  Because plaintiff has not exhausted potential habeas claims in the state courts, this court would be unable to grant relief in a habeas proceeding.  See 28 U.S.C. § 2254(b)(1)(A).

For these several reasons, the court finds that plaintiff's pleading cannot be cured by amendment, and that this action must be dismissed.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; however, no fee is imposed.

2. This action is dismissed without prejudice for failure to state a cognizable claim, and because this deficiency cannot be cured by amendment.

---

[1] District attorneys are absolutely immune from civil suits for damages under Section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Similarly, judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983.  See Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

[2] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

3. The Clerk of Court is directed to close this case.

DATED: April 14, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE